This is a civilian pay case, before us on cross-motions for summary judgment, in which plaintiff challenges a decision of the Merit Systems Protection Board (board). The board upheld her termination, effective October 27,1978, as a GS-6 clerk with the Naval Research Laboratory (NRL) on the ground that she failed to accept reassignment following a reorganization of her agency.
Plaintiffs position as a GS-6 clerk in the rocket spectroscopy branch of the space science division of the NRL was abolished along with the elimination of that branch in a reorganization of the division which occurred in July 1978. *796 Plaintiff was reassigned to a GS-6 clerk position in the newly created solar physics branch of the same division. She refused the reassignment on the grounds that the responsibilities and duties of the new position were beyond her capabilities and unlike the duties she had previously performed. She contends that her prior position had evolved from an essentially secretarial position to an editorial and executive position and that the new position required high speed typing and stenography skills which she had lost over the years through lack of use. She argues that the Government placed her in a position which she was not qualified to perform and then dismissed her for failing to perform, in violation of FPM [Federal Personnel Manual], chapter 351; and, further, that termination for refusing to accept an illegal assignment is, in itself, an illegal adverse action.
The board conducted a hearing at which oral testimony and documentary evidence were presented. In deciding against plaintiff the board found "no evidence to support [her] apparent belief that she was being manuevered into a position she was incapable of performing,” and it noted the absence of "any other evidence of bad faith on the part of the agency.”
In Calderazzo v. United States, 213 Ct. Cl. 709, 709-10 (1977), we stated that
* * * [A]gencies of the Federal Government have broad latitude to make reassignments of employees and that the court will not overturn their actions unless satisfied that such transfers are an abuse of discretion or are disguised adverse actions mandating procedures which have been violated. * * *
We have heard oral argument and have carefully examined the administrative record, including the transcript of the hearing before the board. We conclude that the findings of the board, that plaintiff was qualified to perform the new assignment, in that it was substantially similar to her old position, are supported by substantial evidence. From this evidence, including testimony by a personnel classification staffing specialist with the NRL, plaintiffs supervisor (a program manager), and a research physicist for whom *797 plaintiff performed typing, the board derived a rational basis for those findings. On the record, we also find no "bad faith or malice.” Calderazzo v. United States, supra, 213 Ct. Cl. at 710.
it is therefore ordered that defendant’s motion for summary judgment is granted, plaintiffs cross-motion is denied, and the petition is dismissed.